## THE TUG SEARS.

*(District Court, N. D. New York.   June, 1881.)*

1. ADMIRALTY—COLLISION.

> A tug having two scows in tow proceeded down the Hudson river at a time when the tow of a steam-boat was mainly broken up, and the boats comprising the tow were comparatively helpless, awaiting tugs to carry them off.   Those on board the tug, though having ample opportunity to notice this condition of affairs, proceeded in the direction of the tow, without shortening the 200 feet of hawser with which she was towing her scows.   The tug passed without colliding, but the first of her two scows struck the libellant's boat, inflicting serious injury.   *Held*, that the tug was in fault in this: that, in lack of sea-room, she did not shorten her hawser and get her tow under control; if there was sea-room, for colliding at all.

2. SAME—SAME—REV. ST. § 4289.

> A vessel employed in navigation upon the Hudson river, and not elsewhere, is not within the class excepted by the provisions of section 4289 of the Revised Statutes, limiting the liability of the owners of vessels used in river or inland navigation.

*I. & J. M. Lawson,* for plaintiff and libellant.

*Charles E. Crowell,* for defendant and respondent.

WALLACE, D. J.   The tug Sears, having two mud-scows in tow, proceeded down the river on the east shore, at a time when the tow of the steam-boat Connecticut was mainly broken up, and the various canal-boats composing the tow were being carried off by tugs or were awaiting tugs to carry them off.   The Tracey, the libellant's boat, had been fastened to the Gerow while the tow was intact, but when the tow commenced to break up the Gerow unfastened from the boat ahead of her, and then the Tracey unfastened from the Gerow.   The canal-boats, thus detached from the tow and awaiting tugs, were comparatively helpless, and those navigating the tug Sears had ample opportunity to notice this condition of affairs and conduct the tug accordingly.   Nevertheless, the tug proceeded in the direction of the tow, without shortening her 200 feet of hawser with which she was towing her scows.   As the Tracey lay at the stern of the Gerow, her stern being somewhat to the eastward of the Gerow's stern and about 35 or 40 feet from the dyke on the east shore of the river, the Sears steamed past; but the first of her two scows struck the starboard bow of the Tracey, inflicting serious damages.

I think the Sears was in fault in this:   Unless there was sea-room to pass safely with her scows she should have shortened her hawser, and got her scows under more complete control, before attempting to pass between the tow, as it was circumstanced, and the dyke.   If there was sufficient sea-room there was no excuse for a collision, as the

Tracey was without fault. There must be a decree for the libellant, with costs, and it is referred to a master, to be appointed by the court, (unless the parties agree upon the person,) to take proofs as to the libellant's damages, and report, with his opinion thereon, to the court. As to the steam-boat Connecticut, as to which the libel was dismissed upon the hearing of the cause, I think she was censurable, though not legally in fault, and is not entitled to costs.

Upon the trial of the cause a motion was made, upon the petition of one of the owners of the Sears, to limit the liability of the owners, which, by understanding between counsel for the parties, was to be considered in connection with the proofs taken upon the trial of the cause, and decided if the main question should be found against the Sears. It appears from the proofs, and there are no allegations in the petition inconsistent with the fact, that the Sears was employed in river navigation upon the Hudson river, and not elsewhere. The provisions of the statutes for limiting the liability of the owners of vesssels do not appy to the owners of any vessel used in rivers or inland navigation. Rev. St. § 4289. It was held by Judge Drummond (The War Eagle, 6 Biss. 364) that a vessel employed on the upper Mississippi was within the excepted class; and, while much might be said in favor of the position that section 4289 refers only to such rivers as are inland, as distinguished from public navigable waters, that decision must be recognized as controlling here, both because its reasoning is satisfactory and as an authority it is entitled to high respect.

The prayer of the petition must be denied.